L. A. BOATRIGHT, Appellant, v. J. H. KAYLOR,
Respondent.

Kansas City Court of Appeals, June 2, 1913.

1. FRAUDULENT REPRESENTATIONS: Reliance: Opportunity
for Inquiry. Where one charges that another fraudulently and
falsely represented to him that two acquaintances, living in the
same town, had subscribed and paid for stock in a mining lease
and that he, on the faith of that representation, subscribed and
paid for $200 worth without making inquiry of the acquaint-
ances, it is enough to excite distrust in the mind of the chan-
cellor whether he relied upon and was influenced by the repre-
sentation.

2. ————: ————: ————: Record: Evidence: Affirmance.
Where the record fails to show that the chancellor's finding for
defendant was based upon any particular branch of the case,
or part of the evidence, the defendant is entitled to an affirm-
ance on any theory which the evidence will justify.

Appeal from Vernon Circuit Court.—*Hon. B. G.
Thurman,* Judge.

AFFIRMED.

*Scott & Bowker* for appellant.

(1)  In order to defeat a court of equity of jurisdiction on account of there being an adequate or concurrent remedy at law, the remedy at law must be as full, complete and adequate as that in equity.  Barrington v. Ryan, 88 Mo. App. 85; Hanson v. Neal, 215 Mo. 256.  (2) The frauds complained of in this case are sufficient to justify a court of equity in setting aside this judgment.  Wonderly v. Lafayette Co., 150 Mo. 635; Howard v. Scott, 216 Mo. 685; Mangold v. Bacon, 237 Mo. 496.

*W. H. Hallett* for respondent.

(1)  Where appellant, in a suit in equity, has failed to bring up on appeal all the evidence, the facts will not be reviewed.  Mason v. Smith, 124 Mo. App. 596; McKinney v. Northcut, 114 Mo. App. 146; Rule 14 of this court.  (2)  Where the evidence introduced is conflicting, an appellate court will not, even in a suit in equity, say which side has the preponderance of the evidence, but will defer to the finding of the trial court. Culberson v. Hill, 87 Mo. 553; Dobbins v. Humphreys, 171 Mo. 198; Weller v. Wagoner, 181 Mo. 151; Tinker v. Kier, 195 Mo. 183; Becker v. Fillingham, 209 Mo. 583; Jones v. Thomas, 218 Mo. 508.  (3)  A court of equity will not grant relief by setting aside a judgment where there is an adequate remedy at law.   1 Black on Judgments (2 Ed.), ch. 15, p. 570, sec. 361.  (4) A court of equity will not set aside a judgment regularly obtained in a court of law except for fraud actually committed in the very act of procuring the judgment.  Dorman v. Hall, 124 Mo. App. 5; Hamilton v. McLean, 139 Mo. 638; State ex rel. v. Shaw, 163 Mo. 191; Fitzpatrick v. Stevens, 114 Mo. App. 497; Payne v. O'Shea, 84 Mo. 129; Irvine v. Leyh, 102 Mo. 200.

ELLISON, J.—This action is in equity and has for its object the cancellation of a certain judgment against plaintiff rendered by the circuit court of Vernon county in favor of Baxter National Bank and by the latter assigned to defendant. The bill was dismissed in the trial court and plaintiff has appealed.

It appears that defendant sold to plaintiff one twenty-first part of a certain mine in Oklahoma; or, as expressed in the petition, he sold him one-third of one-seventh interest in a mining enterprise, for the sum of two hundred dollars, for which agreement plaintiff gave his check on a bank in Schell City, Missouri. That defendant shortly afterwards sold and indorsed the check to the Baxter National Bank of Kansas, which was an innocent purchaser, in order, as is said, to cut off plaintiff's defense (Wonderly v. Lafayette Co., 150 Mo. 635). But plaintiff charges that defendant practiced a fraud upon him in the sale of the mining property and upon discovering the fraud he notified the bank upon which the check was drawn not to pay it. But that the Baxter National Bank, having purchased the check, brought suit thereon in the Vernon County Circuit Court, and, being an innocent purchaser thereof, obtained the judgment now sought to be cancelled.

The petition alleges that at the time defendant obtained the check he claimed to be forming a company to purchase a lease of mining land in Oklahoma for which he was paying $4200, divided into seven shares, each share to cost $600, and that he had all the stock subscribed; and that among the subscribers were Charles Gilbert and Charles Thom, for one share each, for which each had paid $600. That a company was ready to be formed and that deeds would be delivered for the shares of each. It is then alleged that these representations were false; that Gilbert and Thom had not paid for an interest in the enterprise. It is then alleged that defendant never issued to him any stock, or

deeded any part of the mining property, and that he had never paid $4200—such representation as to the price being false; and that nothing was ever done with the enterprise. And that for the purpose of cutting off any defense, defendant transferred the check to the bank.

All the parties concerned appear to have been acquaintances and, except the Baxter Bank, living in Nevada, Missouri. We regard the evidence as unsatisfactory from a legal or equitable standpoint as to the fraud in the representations as to Gilbert and Thom. Plaintiff's actions do not entitle him to any great consideration by the chancellor. While he now puts, as the chief influence leading him to give his check to defendant, the representation that two others were subscribers and had paid up, he seems not to have attached sufficient importance to that representation to have first asked them if they had paid, or to have asked their opinion of the project. Nevada is not a large city and telephones doubtless are on every hand. This seems to justify the belief that what he now characterizes in his pleading as of great importance, was then thought to be a matter of indifference. The record does not show any cause or excuse for this singular omission and we can only attribute it to the fact that it was not regarded by him as of any influential consequence.

Passing by any question whether a false representation that someone else had purchased, who is not alleged to be so related or situated as to affect or control the action or judgment of the party said to have been defrauded, is, in the eye of the law, a fraudulent representation of a material fact, we can well see how the trial court may not have attached great importance to the evidence in the way of proof of controlling influence on plaintiff. Besides, it appeared by the weight of the evidence that Gilbert and Thom had subscribed for the stock. Gilbert admitted he con-

sidered it but did not "remember if I put my name down for a share or not." Thom admitted he had sub-. scribed, but stated he had not paid. The difference lies in the matter of payment. Defendant testified that he did not represent that they had paid, though the weight of the evidence is against him in that regard.

It was shown, without dispute, that there was a mining project to which a number of people subscribed and paid, as did plaintiff, and that defendant himself invested eight hundred dollars. That a lease was in existence for forty acres of mining land conveying one twenty-first interest to plaintiff, three-sevenths to defendant and the remainder to other parties.

In this condition of case as made out by the record, we think the rule requiring deference to the finding of the trial court should receive application. [Tinker v. Kier, 195 Mo. 183, 202.]

In thus disposing of the case we have noted a statement of plaintiff that the trial court did not find for defendant on the ground of failure of proof of fraud. But there is nothing in the record to confirm that statement. From the record the trial court simply determined the case in defendant's favor. There is nothing whatever in the record to indicate the trial court's view of any specific point, save that it refused to declare as a matter of law that plaintiff had failed to make a case. In such circumstances, we must conclude that it was determined on the evidence; and the losing party has no right to say the finding was based on some particular branch of the evidence.

It must be borne in mind that in order to prevail in this action, plaintiff cannot stop at a showing of failure of consideration. He has not chosen to institute an action at law. He has sought a court of equity to cancel a judgment on account of fraud.

The judgment is affirmed. All concur.